**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| STEVIE SHIELDS, | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00641-RCJ-RAM |
| vs. | ) | |
| | ) | |
| FIRST MAGNUS FINANCIAL CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The Complaint is a thirty-seven-page MERS-conspiracy type complaint listing eleven causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Three motions to dismiss, a motion to remand, and a motion to strike are pending before the Court. For the reasons given herein, the Court denies the motion to remand, grants the motion to strike, and grants the motions to dismiss in part.

**I.    THE PROPERTY**

Plaintiff Stevie F. Shields gave lender First Magnus Financial Corp. ("First Magnus") two promissory notes in the amounts of $271,200 and $67,800 secured by property at 1420 Farm Ln., Fernley, NV 89408 (the "Property"). (First Deed of Trust ("FDOT") 1, Apr. 17, 2007, ECF No. 12-3; Second Deed of Trust ("SDOT") 1, Apr. 17, 2007, ECF No. 12-2). Title Service & Escrow ("TSE") was the trustee. (FDOT 2; SDOT 1). Plaintiff defaulted. (*See* Notice of Default ("NOD") 1, June 23, 2010, ECF No. 12-4). Aurora Loan Services ("Aurora") substituted MTC as trustee for TSE on June 2, 2010. (Substitution, June 22, 2010, ECF No. 16-2, at 48). Ticor

1  Title, as agent for LSI Title Agency, as agent for MTC Financial, dba Trustee Corps ("MTC")

2  filed the NOD. (*See* NOD). There is no record of a trustee's sale.

3  **II.   ANALYSIS**

4      Foreclosure may have been statutorily invalid due to the filing of the NOD by a party that

5  was neither the lender, assignee, original or subsequent trustee, or an agent of such an entity. *See*

6  Nev. Rev. Stat. § 107.080(2)(c). MERS purported to transfer the interest in the first note to

7  Aurora on July 19, 2010, (*see* Assignment, July 19, 2010, ECF No. 12-5), but this was *after*

8  Aurura had already purported to substitute MTC as the trustee on June 2, 2010 and MTC had

9  filed the NOD on June 23, 2010. Although the assignment purports to have taken effect on June

10 21, 2010, it was in fact signed on July 19, 2010, so as a matter of law that is when it took effect.

11 *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Ibanez*, No. SJC-10694, 2011 WL 38071, at *10 (Mass. Jan. 7,

12 2011). In any case, it is not clear MERS did not have the ability to make this transfer without

13 some more evidence of its agency to do so on behalf of First Magnus. *See Weingartner v. Chase*

14 *Home Fin., LLC*, 702 F. Supp. 2d 1276, 1281 (D. Nev. 2010). And even if the assignment by

15 MERS to Aurora had been valid and effective as of June 21, 2010, Aurora's designation of MTC

16 as the trustee would still have predated Aurora's interest in the note by three weeks. Although

17 there is likely an unexcused default and Plaintiff's affirmative claims for damages are without

18 merit, under section 107.080(2)(c) and the law of assignments and agency in general this

19 foreclosure appears to have been statutorily defective.

20     Injunctive relief based on a violation of NRS section 107.080(2)(c) (the first and seventh

21 claims, taken together) is the only plausible claim pled, however. The declaratory relief claim

22 adds nothing to this claim, and the quiet title action is redundant with the declaratory relief

23 claim. *See Kress v. Corey*, 189 P.2d 352, 364 (Nev. 1948).

24     The unfair debt collection claim fails because creditors are not "debt collectors" under

25 the relevant statutes. *E.g.*, *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734–35 (6th Cir.

1  2007).  Foreclosure does not constitute debt collection under the Fair Debt Collection Practices
2  Act ("FDCPA").  *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  Although
3  the Ninth Circuit has not ruled on the question, the district courts of the Circuit have held that the
4  foreclosure of a mortgage in and of itself does not constitute debt collection as contemplated by
5  FDCPA.  *See, e.g.*, *Odinma v. Aurora Loan Servs.*, No. C-09-4674-EDL, 2010 WL 2232169, at
6  *11–12 (N.D. Cal. June 3, 2010) (collecting cases).  The deceptive trade practices claim, which
7  is premised on the allegation that the foreclosing entities did not have a "collector's license" fails
8  for the same reason.

9  The unfair lending practices claim is barred by the statute of limitations because the
10 lawsuit was filed over three years after the loans were made.  *See* Nev. Rev. Stat. § 11.190(3)(a).
11 Also, Plaintiff's argument that section 598D.110(3), which provides a defense against unpaid
12 obligations, permits a debtor equitably to remain in a property without making payments before
13 the cause is adjudicated is specious.  That statute clearly provides that the defense comes into
14 existence after judicial determination of the claim.  Under section 598D.110(3), a plaintiff who
15 succeeds on a section 598D.100 claim may abate payment *after* adjudication to the extent of an
16 award obtained under section 598D.100; section 598D.110(3) operates as a partial defense to a
17 claim of default to the extent of such a judgment.

18 The bad faith claim fails because Plaintiff does not allege any Defendant induced her to
19 default, but only that one or more Defendants indicated there would not be a foreclosure
20 generally.

21 The fraud claim fails because Plaintiff alleges no false statements material to the terms of
22 the loan.  Plaintiff alleges only the failure to disclose certain facts about the inner workings of
23 the mortgage industry, which are not alleged to have affected the terms of the loan.  The fraud in
24 the inducement claim fails for the same reason.

25 Finally, the unjust enrichment claim fails because there are written contracts governing

the relationship between the parties. *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977).

Plaintiff has also filed a motion to remand for lack of subject matter jurisdiction. Plaintiff brings a state claim under section 649.370, which is premised entirely on violations of the FDCPA, 15 U.S.C. § 1692k, which provides an independent federal claim. There appears to be no private right of action under NRS section 649.370,[1] so the claim must be construed as a federal claim directly under FDCPA. Second, even assuming a private state cause of action, although most federal-question cases are based on federal claims, federal-question jurisdiction can be based purely on a state claim if its resolution necessarily requires the construction of federal law:

> The rule is well settled that a state claim "arises under" federal law "if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question." *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir. 1981), *cert. denied*, 455 U.S. 1020, 102 S. Ct. 1716, 72 L. Ed. 2d 138 (1982). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[,]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986), but a case may also arise under federal law "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983)).

*Berg v. Leason*, 32 F.3d 422, 423 (9th Cir. 1994). In cases such as the present one, where the state claim directly incorporates the substance of federal law, *see* Nev. Rev Stat. § 649.370, and where the state claim raises no federal constitutional issues, federal-question jurisdiction exists only if the federal law that is incorporated into the state claim provides an independent federal claim:

> In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), the Court considered in detail the principles of removal jurisdiction when applied to a well-pleaded complaint that relies on a state

---

[1] Neither "damages," "cause of action," nor "attorney's fees" appear anywhere in Chapter 649. The Chapter provides only for criminal penalties or administrative fines. *See* Nev. Rev. Stat. §§ 649.435, 649.440.

1
2
3
4
      cause of action which incorporates federal law as one of the elements of recovery. The Court held that in such a case, the state claim does not involve a substantial federal question unless the federal law incorporated in the state cause of action provides a federal private right of action for its violation. *Id.* 106 S. Ct. at 3237; *see also Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir.) (applying *Merrell Dow*), *cert. denied*, 484 U.S. 824, 108 S. Ct. 89, 98 L. Ed. 2d 50 (1987).

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 n.4 (9th Cir. 1988). The FDCPA provides a private right of action. *See* 15 U.S.C. § 1692k. If section 649.370 contained additional substantive bases for liability apart from FDCPA, then such bases of liability could be invoked without creating federal-question jurisdiction. But section 649.370 refers exclusively and coextensively to FDCPA for its substance and provides no basis for liability apart from that provided for in FDCPA, under which a private, federal right of action lies. The Court therefore finds that even if a private cause of action lied under section 649.370, such a claim would support federal-question jurisdiction. *Ethridge*, 861 F.2d at 1394 n.4.

      Plaintiff is diverse from all parties except Ticor Title of Nevada and Jessica Vaughn or Stanley S. Silva.[2] No plausible claim lies against the individual Defendants, and they are therefore fraudulently joined. Ticor Title of Nevada appears to have had a hand in foreclosure, as its employee, Silva, filed the statutorily defective NOD on its behalf. However, Ticor was actnig only as agent for LSI, which was acting as agent for MTC, the new trustee. It is the trustee commanding the foreclosure, MTC, and not its agent or its agent's agent, who is the true defendant in this case. Ticor Title's citizenship can therefore be disregarded, and there is diversity jurisdiction over the remaining claim. Even if there were not, because there was federal question jurisdiction over the now-dismissed FDCPA claim, the Court would have

---

[2]It is not clear whether Vaughn (who is named in the caption of the Complaint) or Silva (who is named in the body of the Complaint), or both, is/are the intended Defendant(s). Vaughn is listed in the "parties" section of the Complaint, where she is alleged to have pre-approved Plaintiff for a loan. Silva is alleged to have signed the NOD, and his name appears on the NOD adduced by Defendants. Although both are perhaps intended to be sued individually, neither is alleged to have in fact acted individually, but only as employees for institutional Defendants.

1  discretion to retain jurisdiction under § 1367.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 11, 19, 21) are GRANTED in part and DENIED in part.  They are granted as to all claims except that for injunctive relief based on statutorily defective foreclosure under section 107.080(2)(c).

IT IS FURTHER ORDERED that Defendants will not transfer the Property or take any action to evict Plaintiff or his tenants, if any, from the Property for seven (7) days from the date of this order.  The injunction shall automatically extend a further thirty (30) days if before expiration Plaintiff deposits a bond with the Court in the amount equal to a monthly payment on the first mortgage as of the date of the notice of default.  The injunction may be extended twice more, for a total of ninety-seven (97) days, if before the end of each successive extension Plaintiff deposits additional bond with the Court in the same amount.  If, however, Plaintiff fails to comply with this order, the injunction shall dissolve for lack of equity, Defendants may proceed with foreclosure without further judicial action, and the Court may dismiss the case under Rule 41(b).  Plaintiff need not pay late fees or cure the entire amount of past default at this time but may be required in equity to cure the entire past default as a condition of a future permanent injunction.

IT IS FURTHER ORDERED that during the injunction period the parties will engage in the state Foreclosure Mediation Program, if available.  If not available, Defendants will conduct a private mediation with Plaintiff in good faith.  The beneficiary must send a representative to the mediation with actual authority to modify the note, although actual modification is not required.  Plaintiff will provide requested information to Defendants in advance of the mediation in good faith.

///

1  IT IS FURTHER ORDERED that the Motion to Strike Supplemental Response (ECF No. 41) is GRANTED.

IT IS SO ORDERED.

Dated this 29th day of March, 2011.

                                    ROBERT C. JONES
                                    United States District Judge